UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS C. POWELL, II., | ) | CASE NO. 4:13CR189 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION UNDER 28 U.S.C. § 2255 |
| Respondent. | ) | |

This matter comes before the Court upon a Motion Under 28 U.S.C. § 2255 (hereafter § 2255) to Vacate, Set Aside or Correct Sentence filed by Petitioner, Lewis C. Powell, II. (hereafter "Mr. Powell"). (ECF #642). The United States of America filed a response, recommending that this Court grant the Motion and schedule a resentencing hearing. For the reasons set forth herein, Mr. Powell's Motion (ECF #642) is GRANTED.

I. Procedural History

On April 10, 2013, Mr. Powell was named in a 93-count Indictment. On April 23, 2014, Mr. Powell pleaded guilty to Count 1, possession with intent to distribute heroin and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and (b)(1)(C), and Count 8, dealing in unlicensed firearms in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a) and 924(a)(1)(D).[1] At the initial sentencing, this Court sentenced Mr. Powell to a 155-month term of imprisonment for Count 1 and a 60-month term for Count 8, to run concurrent. (See ECF #337).

---

[1] The other Counts against Mr. Powell were dismissed.

1

After a series of appeals, remands and resentencings, this Court held a resentencing hearing on June 13, 2017, and found Mr. Powell to have a total offense level of 27, Criminal History Category VI, with a sentencing range of 130 to 162 months. (ECF #618, PageID 3376 *SEALED*). Mr. Powell was sentenced to the same initial 155-month term of imprisonment. Mr. Powell did not appeal this sentence, but filed a Motion to Correct a Clerical Error (ECF #607), asking this Court to correct the misstated criminal history points on the presentence report ("PSR") from 17 to 15. The United States replied that it had no objection to the PSR being amended, pointing out that the point reduction should actually be 13, as was accepted by this Court at the June 2017 resentencing. (See ECF #621). This Court granted the Motion and ordered the removal of four criminal history points from the PSR. However, this Court did not resentence Mr. Powell because it was unnecessary, as the sentencing range of 130-162 months did not change. (ECF #630).

II. Mr. Powell's § 2255 Motion

On June 21, 2018, Mr. Powell filed the within § 2255 Motion, arguing that his counsel was ineffective for failing to challenge "the incorrectly assigned criminal history points in the PSR the District Court used to increase his Guideline Range." (ECF #642-1, PageID #3449). Mr. Powell argues that his prior convictions were improperly scored when determining his criminal history points at sentencing, and that his counsel failed to address the issue. Mr. Powell indicates that had counsel notified the Court of the error, the additional one-point reduction would have changed his criminal history points from 13 to 12, and lowered his Criminal History category from a VI to a V, thereby making the sentencing Guideline range 120 to 150 months. Therefore, Mr. Powell asks this Court to "vacate his sentence and remand him back to the

2

District Court to be resentenced under the properly calculated Guideline range." (ECF #642-1, p.14).

The United States "concedes that the relief requested by Powell [in the § 2255 Motion] is appropriate," and requests that this Court schedule a resentencing hearing. The United States sets forth in its reply that it agrees that Mr. Powell is entitled to the additional one-point reduction in criminal history points, which then reduces the sentencing guideline range to 120 to 150 months. Clearly, there is no dispute among the parties as to the procedural history of this matter, or how this matter should proceed forthwith. Therefore, this Court need not examine whether Mr. Powell has sufficiently proven ineffective assistance of counsel, as the United States concedes that regardless of whether counsel was ineffective or not, Mr. Powell is entitled to a resentencing. (See ECF #648, p.10).

III. Conclusion

For the reasons set forth herein, Mr. Powell's Motion to Vacate, Set Aside or Correct Sentence (ECF #642) is GRANTED. Mr. Powell's sentence is vacated, and a resentencing hearing will take place December 10, 2018 at 10:00 a.m.

IT IS SO ORDERED.

*Donald R. Nugent*
DONALD C. NUGENT
United States District Court

Date: *September 10, 2018*